IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ANN HAIDEN, )<br>        Plaintiff, )<br>        )<br>  v. )<br>        )<br>GREENE COUNTY CAREER AND )<br>TECHNOLOGY CENTER, )<br>        Defendant. )<br>        ) | Civil Action No. 08-1481<br><br>Magistrate Judge Lenihan<br><br>Re: Doc. No. 9 |

**MEMORANDUM OPINION**

I.   Procedural Background

This action filed pursuant to the Family Medical Leave Act of 2003, 29 U.S.C. § 2601 *et seq.* (hereinafter "FMLA") is brought by Mary Ann Haiden (hereinafter "Plaintiff") who was allegedly wrongfully terminated from employment at Defendant Greene County Career and Technology Center (hereinafter "Defendant" or "the Center").  Plaintiff also attempts to make out a Pennsylvania state law claim for wrongful termination.  The case is presently before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 9.)

II.   Relevant Facts

Plaintiff was employed by Defendant from August 30, 2004 until August 25, 2008.  During that time, Plaintiff worked full time as an executive secretary for the Center. (Complaint, Doc. No. 1 at ¶ 5) (hereinafter "Doc. No. 1 at ¶ ___"). The Center is a public school that provides vocational technology training for Greene County School District children.  (Doc. No. 1 at ¶ 7). On June 13, 2008, Plaintiff allegedly suffered an emotional breakdown related to

her work activities, and sought a physician's care.  According to the complaint, the physician provided Plaintiff with proof of her illness, and proof that she needed to take leave from work due to the serious nature of her illness. (Doc. No. 1 at ¶ 8.)  Plaintiff was then fired.  Plaintiff claims that Defendant violated the FMLA by illegally failing to post notice of entitlement of up to 12 weeks off under the Act, failing to advise Plaintiff of her right to take 12 weeks off, failing to inquire as to whether Plaintiff was entitled to 12 weeks off, giving Plaintiff misleading information and then firing her, and failing to permit Plaintiff to return to work as required by the Act.  Plaintiff avers that she has been unable to secure other employment since her employment at the Center was terminated. (Doc. No. 1 at ¶ 9.)

Plaintiff also asserts a state law tort claim for wrongful termination.  She alleges that despite knowing that she had suffered a serious work-related injury, Defendant terminated her employment to keep her from filing a workers' compensation claim. (Doc. No. 1 at ¶¶ 13-14.)

III.    Legal Standard

As the United States Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in

the complaint.  *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations.  *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S.  265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp.*, 127 S.Ct. at 1965.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  *Id.* at 1974.

Here, Defendant argues the following: 1) Defendant is protected by immunity pursuant to the Pennsylvania Political Subdivision Tort Claims Act on the state law wrongful termination claim, and consequently, this claim must be dismissed; and 2) Punitive damages cannot be assessed against Defendant pursuant to the FMLA, nor may they be assessed against Defendant because it is a local agency.

IV.     Analysis

1. Local Agency Immunity under the Pennsylvania Political Subdivision Tort Claims Act (hereinafter "PPSTCA")

The PPSTCA is the applicable decisional law governing the Defendant's liability for the tort of wrongful termination.  The PPSTCA provides immunity to local government agencies against claims for tort liability unless the conduct falls into one of the listed exceptions described in § 8542 of the PPSTCA.[1]  Outside of the enumerated exceptions to immunity, all other torts are

---

1. The listed exceptions to local agency immunity include acts involving motor vehicles, the care and custody of personal property, the care and custody of real property, trees, traffic

3

covered by the PPSTCA, and local agency tortfeasors are guaranteed immunity from prosecution. *See Mitchell v. City of Philadelphia*, 596 A.2d 1205, 1208 (Pa. Commw. Ct. 1991) (court found trespasser's decedents were barred from collecting on wrongful death claim against City because claim did not fall within exceptions to immunity under PSTCA); *Wilson v. Norriston Area School District*, 783 A.2d 871, 876 (Pa. Commw. Ct. 2001) (court found that student's negligence claim against school after she fell down stairs at school did not fall within property exception to PPSTCA, and therefore was barred).

Pennsylvania federal and state courts have included vocational-technical schools as local agencies within the immunity guarantee of the PPSTCA. In *Capuzzi v. Heller*, the Pennsylvania Commonwealth Court affirmed on appeal a decision holding, *inter alia*, that the Middle Bucks Area Vocational Technical School was a local agency subject to immunity under the PPSTCA, and therefore was not liable for an accident caused by one of its students. 558 A.2d 596, 599 (1989). Similarly, in *Coreia v. Schuylkill County Area Vocational-Technical School Authority,* the United States District Court for the Middle District of Pennsylvania found that the Schuykill County Area Vocational-Technical School Authority was immune from a suit for intentional infliction of emotional distress, noting that none of the eight enumerated exceptions to immunity was present in the complaint. 2005 WL 2266589, at *11 & n.3 (M.D. Pa. Sept. 16, 2005).

Wrongful termination from employment is a common law tort claim that is not one of the exceptions to immunity set forth in § 8542 of the PPSTCA. Pennsylvania state courts have held that wrongful termination claims against local agencies must be dismissed under the PPSTCA. For instance, in the strikingly similar case of *Kuzel v. Krause*, the Pennsylvania Commonwealth

---

controls and street lighting, utility service facilities, streets, sidewalks, and care, custody and control of animals. 42 PA. CONS. STAT. ANN. § 8542 (2007).

Court dismissed a wrongful termination claim against a Commissioner because he was immune under the PPSTCA. 658 A.2d 856, 861. The plaintiff in *Kuzel* asserted a claim of wrongful termination because he was allegedly terminated for collecting workers' compensation. *Id.* at 856. The plaintiff in *Kuzel* further asserted an exception to immunity found in 42 PA. CONS. STAT. ANN. § 8550 , whereby a local agency employee who commits an act constituting willful misconduct is exempt from immunity. *Id.* at 859. (citing 42 PA. CONS. STAT. ANN. § 8550 (2007)). The court in *Kuzel*, however, held that willful misconduct under the PPSTCA means "willful misconduct aforethought." *Id.* at 860. It is, therefore, not sufficient to merely establish the intentional tort of wrongful discharge, and call it "willful misconduct." Rather, a plaintiff seeking to meet a "willful misconduct" exception to immunity under the PPSTCA must establish that the Defendant "knew or should have known that it was improper to terminate someone...[for the reasons given] and did so anyway." *Id.* at 860. (citing *Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994)). As there was no evidence that the Commissioner knew it was contrary to public policy, or wrongful to terminate persons collecting workers' compensation, the court found that the Commissioner's immunity under the PPSTCA remained intact. *Id.* at 860. *See also Goldinger v. County of Butler*, 8 Pa. D & C. 4th 1 (Butler County C.C.P. 1990) (court held that County had immunity under PSTCA from claim of wrongful discharge of County employee).

Further, it is important to note that the "willful misconduct" exception to immunity under the PPSTCA directly relates to employees of local agencies, and does not create an exception to immunity for the agency itself. *See Bornstad v. Honey Brook Twp.*, 2004 WL 1171244, at *4 (E.D. Pa. May 26, 2004) ("Although employees of local agencies are denied immunity under [§] 8550 for their 'willful misconduct', [§] 8550 does not strip immunity from the agency itself.") *See also Cooper v. City of Chester*, 810 F. Supp. 618, 626 at n.8 (E.D. Pa. 1992) ("[C]ourts have

5

uniformly held that § 8550 distinguishes sharply between local agencies and the employees of those agencies.") (citing *Marko v. Philadelphia*, 576 A.2d 1193, 1193 (Pa. Commw. Ct. 1990); *Steiner v. City of Pittsburgh*, 509 A.2d 1368, 1370 (Pa. Commw. Ct. 1986) (court found exception to immunity for willful misconduct does not impose liability on agency, but rather exposes employees to personal liability)) (other citations omitted).

In the case at hand, Plaintiff's state law tort claim of wrongful termination is barred by the PPSTCA and must be dismissed. Under the PPSTCA, a local agency is immune from suit for state law torts, as long as the tort claim does not fall within one of the listed exceptions. 42 PA. CONS. STAT. ANN.§ 8542 (2007). As Pennsylvania courts have established that vocational-technical schools are local agencies under the meaning of the PPSTCA, and as wrongful termination is not one of the listed exceptions to local agency immunity, the wrongful termination claim should be dismissed unless the claim involves willful misconduct. Pennsylvania courts have consistently held that wrongful termination itself does not constitute willful misconduct, and Plaintiff does not offer anything in her complaint to suggest willful misconduct. Further, even if the complaint demonstrated willful misconduct, Defendant in the case at hand does not face liability per § 8550, as Defendant is not an employee of a local agency, but is rather the agency itself. Consequently, Plaintiff's attempt to argue that Defendant may not avail itself of the immunity afforded by the PPSTCA pursuant to the willful misconduct provision at § 8550 must fail as a matter of law.

In her brief opposing the motion to dismiss, Plaintiff references *Shick v. Shirey*, a Pennsylvania Supreme Court case holding that wrongful discharge is a valid tort claim, particularly where one is fired for filing for workers' compensation benefits. 716 A.2d 1231 (Pa. 1998). While Plaintiff correctly interprets *Shick*, the holding in *Shick* does not in any way refute

the immunity argument offered by the Defendant.  The holding in *Shick* is limited in that it merely establishes that firing someone for collecting workers' compensation benefits constitutes a valid common law cause of action for wrongful termination in Pennsylvania. *Id.* at 1238.  It does not, however, establish that a wrongful termination claim is or should be exempt from local agency immunity under the PPSTCA.  Plaintiff further contends that the cases cited by Defendant in its motion to dismiss are distinguishable, but makes no effort to distinguish them, or to argue that Defendant is not immune from tort claims under Pennsylvania law.  Defendant is immune from suit under the PPSTCA, and the wrongful termination claim must be dismissed.

      2.  Punitive Damages under the FMLA

The FMLA is the applicable decisional law governing Plaintiff's federal claim that the Center violated her rights as an employee with a work-related illness.  The relevant provision of the FMLA allows an employee to take up to 12 weeks of unpaid leave to deal with a serious health condition. 29 U.S.C. § 2612(a) (2006).  The FMLA also provides that any employer who violates the Act will be liable to the employee for damages equal to lost wages, salary, benefits and compensation as a result of the violation, as well as interest, and reasonable litigation fees. 29 U.S.C. § 2617(a) (2006).  The FMLA, however, does not allow a plaintiff to recover punitive damages.

The FMLA explicitly sets forth in § 2617(a) the types of damages recoverable, and does not include punitive damages.  *See* 29 U.S.C. § 2617(a) (2006).  Pennsylvania courts have also interpreted the FMLA as disallowing punitive damages.  In *Spain v. Colonial Penn Ins.*, the United States District Court for the Eastern District of Pennsylvania granted a defendant's motion to dismiss requested punitive damages, noting that "a plaintiff may not recover punitive

damages under the FMLA, and nothing [a] plaintiff pleads, however true, will alter that." 1997 WL 773053, at *2-3 (E.D. Pa. Dec. 12, 1997).  *See also Koontz v. USX Corp.*, 2001 WL 752656, at *10 (E.D. Pa. Jul. 2, 2001); *McKeirnan v. Smith-Edwards-Dunlap Co.,* 1995 WL 311393, at *6 (E.D. Pa. May 17, 1995) ( "The FMLA does not provide for punitive damages.").

In the case at hand, the request for relief in the form of punitive damages must be dismissed, as punitive damages are not recoverable under the FMLA.

In her brief opposing Defendant's motion to dismiss, Plaintiff contends that if she can prove that Defendant exercised outrageous conduct against her, punitive damages should be allowed.  Plaintiff, however, offers no cases to support her contention, and offers no facts inferring outrageous conduct.  The request for relief in the form of punitive damages must be dismissed, as punitive damages are not recoverable as a matter of law for Plaintiff's remaining FMLA claim.

V.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss pursuant to 12(b)(6) is granted.  An appropriate Order follows.

Date: July 27, 2009                                             s/ Lisa Pupo Lenihan
                                                                Lisa Pupo Lenihan
                                                                United States Magistrate Judge

cc: All counsel of record
    Via electronic filing